LANGSTON *et al. v.* FARMER.

(Division B.   Oct. 26, 1936.)

[170 So. 233.   No. 32341.]

**Herbert Holmes,** of Senatobia, for appellants.

J. F. Dean, of Senatobia, for appellee.

Argued orally by **Herbert Holmes**, for appellant.

**Ethridge, P. J.**, delivered the opinion of the court.

Appellee, C. L. Farmer, filed a bill in the chancery court of Tate county seeking to confirm a title to forty acres of land deeded to him by his mother, Mrs. Flora Farmer, and to prevent appellant Mrs. Maude Langston from further occupying or interfering with its possession. From a decree in favor of the appellee, this appeal is prosecuted.

It was the contention of the appellant in the court below that the deed to C. L. Farmer by Mrs. Flora Farmer was procured at a time when she was incompetent to make a deed, and was induced to do so by undue in-

fluence when she was in a depleted condition, both bodily and mentally, and unable to understand the transactions involved.

It appeared that J. W. Farmer, the father of the appellant and appellee, owned a considerable body of land, and his wife, Mrs. Flora Farmer, owned one hundred sixty acres, which J. W. Farmer treated as a part of his property, and that he made a will to dispose of his real and personal property, and that it was contemplated that the appellant would receive a deed to eighty acres of her mother's land as a part of a family arrangement for the division of the property. After J. W. Farmer made his will, he made various deeds to his children conveying to them the lands intended to be conveyed by his will, and after his death Mrs. Flora Farmer, being then more than eighty years of age, made a deed to a sister of appellant conveying eighty acres of land, but she became disabled from a fall in which her hip was broken, in which condition she remained until the day of her death, and therefore unable to execute a deed to the other eighty acres, which, it seems, by some understanding, were to be conveyed to the appellant by her mother, Mrs. Flora Farmer.

There is great conflict in the evidence as to whether or not Mrs. Flora Farmer, at the time she executed the deed of the forty acres to C. L. Farmer, had sufficient mental capacity to understand the nature of the transaction, and the testimony for the appellant tends strongly to show that Mrs. Flora Farmer was utterly incapable of understanding the transaction, while witnesses for the appellee tend to show that at the time she signed the deed, she had capacity to understand, and did understand, what was being done. The greater number of witnesses testified in accordance with the theory of the appellant, but some two or three testified in support of the theory of the appellee.

After the death of J. W. Farmer, there was an agree-

ment between certain of the children of J. W. and Mrs. Flora Farmer to ratify and carry out his wishes, which agreement was not signed by her or C. L. Farmer, nor by Mrs. Flora Farmer.

After hearing the evidence, the chancellor held that the deed to C. L. Farmer was valid, having accepted the proof in support thereof.

Whatever may be said as to the weight of testimony, the finding of the chancellor on the facts, of conflicting evidence, is binding on this court, and we are unable to reverse his decree for that reason. The judgment of the court below will therefore be affirmed.

Affirmed.